**No. 17-2903**

# In the United States Court of Appeals for the Seventh Circuit

—————————

TONY P. ROGERS,

*Petitioner-Appellant,*

v.

PAUL S. KEMPER

*Respondent-Appellee.*

—————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
THE HONORABLE WILLIAM C. GRIESBACH, NO. 1:16-CV-00446-WCG

—————————

## REPLY BRIEF
## FOR PETITIONER-APPELLANT TONY P. ROGERS

—————————

STEPHEN F. RAIOLA
  *Counsel of Record*
SANGYOON NATHAN PARK
KIBLER FOWLER & CAVE LLP
301 Grant Street, Suite 270
Pittsburgh, PA 15219
(917)-909-6313
sraiola@kfc.law
npark@kfc.law

*Pro Bono Counsel for Petitioner-Appellant Tony R. Rogers*

October 4, 2023

# TABLE OF CONTENTS

INTRODUCTION .................................................................................1

ARGUMENT ......................................................................................2

I.    Rogers's Petition Presents Questions of Federal Law....................................2

II.    The Decision Below is Contrary to and Based on an Unreasonable Application of *Strickland* and *Ritchie*. ...........................................................4

      A.    The Wisconsin Court of Appeals Unreasonably Applied *Strickland*...............................................................................5

      B.    The Wisconsin Court of Appeals Unreasonably Applied and Acted Contrary to *Ritchie*................................................................11

CONCLUSION .................................................................................18

# TABLE OF AUTHORITIES

<u>**Page(s)**</u>

## <u>Cases</u>

*Barkell v. Crouse,*
  468 F.3d 684 (10th Cir. 2006) ................................................................7

*Brown v. Sternes,*
  304 F.3d 677 (7th Cir. 2002) ...............................................................10

*Browning v. Workman,*
  No. 07-cv-16, 2011 WL 2604744 (N.D. Okla. June 30, 2011) ................. 7, 8, 13

*Burns v. State,*
  968 A.2d 1012 (Del. 2009) ...................................................................16

*Commonwealth v. Barroso,*
  122 S.W.3d 554 (Ky. 2003) ..................................................................16

*Crane v. Kentucky,*
  476 U.S. 683 (1986) .............................................................................17

*Davis v. Litscher,*
  290 F.3d 943 (7th Cir. 2002) ....................................................... 4, 8, 13

*Dietrich v. Smith,*
  701 F.3d 1192 (7th Cir. 2012) ..................................................... 3, 4, 15

*Jones v. Wallace,*
  525 F.3d 500 (7th Cir. 2008) ...............................................................5, 7

*Moseley v. Kemper,*
  860 F.3d 1020 (7th Cir. 2017) ........................................................ 3, 12

*Mosley v. Atchison,*
  689 F.3d 838 (7th Cir. 2012) ...............................................................15

*O'Neal v. McAninch,*
  513 U.S. 432 (1995) ...................................................................... 11, 16

*Pennsylvania v. Ritchie*,
    480 U.S. 39 (1987) .......................................................................... passim

*Santiago v. Streeval*,
    36 F.4th 700 (7th Cir. 2022) ...................................................................15

*State v. Cressey*,
    628 A.2d 696 (N.H. 1993) .......................................................................16

*State v. Johnson*,
    990 N.W.2d 174 (Wis. 2023) ...................................................................12

*State v. Kelly*,
    545 A.2d 1048 (Ct. 1988) .......................................................................16

*State v. Shiffra*,
    499 N.W.2d 719 (Wis. Ct. App. 1993) ...................................................3

*Strickland v. Washington*,
    466 U.S. 668 (1984) ............................................................................1, 2

*United States ex rel. Townsend v. Ogilvie*,
    334 F.2d 837 (7th Cir. 1964) ...................................................................4

*United States v. Butt*,
    955 F.2d 77 (1st Cir. 1992) ......................................................................8

*United States v. Hach*,
    162 F.3d 937 (7th Cir. 1998) ............................................................ 3, 18

*United States v. Lindstrom*,
    698 F.2d 1154 (11th Cir. 1983) ...............................................................1

*United States v. Payne*,
    63 F.3d 1200 (2d Cir. 1995) ...................................................................13

*United States v. Wade*,
    388 U.S. 218 (1967) .................................................................................17

*Walker v. Johnson*,
   312 U.S. 275 (1941)..................................................................................16

*Washington v. Smith*,
   219 F.3d 620 (7th Cir. 2000) ..................................................................5

*Williams v. REP Corp.*,
   302 F.3d 660 (7th Cir. 2002) ................................................................14

*Wilson v. Seller*,
   138 S. Ct. 1188 (2018)..........................................................................13

*Wright v. Gramley*,
   125 F.3d 1038 (7th Cir. 1997) ..............................................................10

*Zettlemoyer v. Fulcomer*,
   923 F.2d 284 (3d Cir. 1991) ................................................................15

## INTRODUCTION

In its responsive brief, Wisconsin does not take issue with the core of Rogers' habeas petition. It does not dispute that Wisconsin's entire case rested on the credibility of DAR's testimony and that proof that DAR had schizophrenia may have changed the outcome of Rogers's trial. It does not dispute that a sworn officer of the court represented that DAR was "diagnosed with schizophrenia," JA73, a serious mental disorder marked by "delusions, hallucinations and paranoid thinking." *United States v. Lindstrom*, 698 F.2d 1154, 1160 (11th Cir. 1983). And it does not dispute that counsel had a duty to investigate reports that DAR had schizophrenia.

Instead, Wisconsin describes DAR's painful testimony in graphic detail and claims that the District Court erred in reviewing Rogers' habeas petition at all. Then, it mischaracterizes the arguments that Rogers presented in his post-conviction briefing, and encourages this Court to deny habeas relief based on (1) an argument it has never raised, and (2) a supposed fact that has never been established before.

Contrary to Wisconsin's claims, this case presents federal questions that are reviewable in habeas and there was enough evidence that DAR had a mental health disorder that the Wisconsin Court of Appeals unreasonably applied federal law in failing to find ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). And Wisconsin's claim that there is no *Ritchie* violation because DAR's records are not in the State's possession lacks any factual basis because the issue

was not investigated, raised, or passed upon below. For the reasons set forth in Rogers' opening brief and below, the dismissal of Rogers' habeas petition must be reversed for further proceedings to determine the extent of the prejudice, and the appropriate remedy for counsel's ineffective assistance.

## ARGUMENT

In its responsive brief, Wisconsin does not refute that it is deficient performance to sit on reliable information indicating that DAR suffered from schizophrenia. Instead, it claims that Rogers' ineffective assistance of counsel claim is not reviewable in habeas and that even if it was, the state court's decision denying his petition is not contrary to or based an unreasonable application of federal law. Wis. Br. 15-17. On both counts, Wisconsin is wrong.

## I.    Rogers's Petition Presents Questions of Federal Law.

Wisconsin claims that Rogers' "ineffective assistance of counsel" claim "is not cognizable in federal habeas" because it is based on "a state-law argument that a state court has rejected." Wis. Br. 17. But that argument is based on a mischaracterization of Rogers' petition, and runs contrary to this Court's precedent.

Contrary to Wisconsin's claims, Rogers' habeas petition presents only federal claims—an ineffective assistance claim under *Strickland v. Washington*, 446 U.S. 668 (1984) and a second claim under *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). And even if Rogers presented a claim grounded solely in *Shiffra-Green*, Wisconsin

is wrong to argue that *United States v. Hach*, 162 F.3d 937 (7th Cir. 1998) establishes that the application *Shiffra-Green* standard is a state law question unreviewable in habeas. To the contrary, *Hach* merely rejected the notion that the U.S. Constitution compels access to medical records that "the state is not in possession of" because Wisconsin's cases saying so were based "on state law" and "not the federal constitution." *Hach*, 162 F.3d at 947 n.5.

In contrast to the issue that concerned this Court in *Hach* (*i.e.*, whether state-law required something not required by the U.S. Constitution), whether or not Rogers made the required evidentiary showing to obtain an in camera review under *Shriffa-Green* concerns a matter of federal law that is governed exclusively by the U.S. Constitution. *See State v. Shiffra*, 499 N.W.2d 719 (Wis. Ct. App. 1993) (framing the issue the court was resolving as "whether an in camera inspection is warranted under *Pennsylvania* v. *Ritchie*"). And consistent with *Shriffa-Green's* federal underpinnings, this Court has in fact done what Wisconsin now says this Court cannot do by reviewing Wisconsin's application of *Shiffra-Green* several times. *Moseley v. Kemper*, 860 F.3d 1020, 1025 (7th Cir. 2017) (rejecting argument that Wisconsin court acted contrary to and unreasonably applied federal law in concluding that the defendant was not entitled to an in camera review of medical records under *Shiffra-Green*); *Dietrich v. Smith*, 701 F.3d 1192 (7th Cir. 2012) (reviewing Wisconsin Court of Appeals ruling that the defendant was not entitled to

an in camera review of the victim's counseling records under *Shiffra-Green*); *Davis v. Litscher*, 290 F.3d 943 (7th Cir. 2002) (same).

Were Wisconsin's characterization of *Shiffra-Green* as a distinct question of state law right, then this Court's review of Wisconsin's application of *Shriffa-Green* in *Dietrich*, *Davis*, and *Moslely* would be improper as in excess of this Court's jurisdiction. *United States ex rel. Townsend v. Ogilvie*, 334 F.2d 837, 842 (7th Cir. 1964) (holding that habeas "clearly limits federal jurisdiction over state prisoners to claims of deprivation of rights founded in federal law or the Constitution."). And far from requiring this Court to dismiss Rogers' petition, accepting Wisconsin's argument would simply entitle him to relief by proving that *Shiffra-Green* is being used to require a state-law showing not required by *Ritchie*, and therefore contrary to the U.S. Constitutional provisions it purports to implement. Rogers Br. 33-35.

For both reasons, the state court's reference to *Shiffra-Green* does not change the fact that every issue raised in Rogers' petition presents a question of federal law. And this Court should reject this argument that *Shiffra-Green* presents a question of state-law that is not cognizable in habeas as contrary to this Court's precedent.

## II.    The Decision Below is Contrary to and Based on an Unreasonable Application of *Strickland* and *Ritchie*.

In addition to arguing that Rogers' claim is not reviewable in habeas at all, Wisconsin argues that the decision below fails on the merits because it was not

contrary to or based on an unreasonable application of controlling federal law under either *Strickland* or *Ritchie*. Wis. Br. 19. Once again, both arguments lack merit.

### A.    The Wisconsin Court of Appeals Unreasonably Applied *Strickland*.

In its responsive brief, Wisconsin does not contest that a schizophrenia diagnosis is highly probative of victim credibility, or that a counsel's "failure to investigate" the credibility of key witnesses, such as the victim of the crime, can constitute "ineffective assistance." *Washington v. Smith*, 219 F.3d 620, 631 (7th Cir. 2000); s*ee Jones v. Wallace*, 525 F.3d 500, 503 (7th Cir. 2008) (holding that the "failure to investigate impeaching evidence can constitute deficient performance"). Instead, it argues that: (1) it was not an unreasonable application of federal law to reject Rogers' claim that counsel was deficient for failing to file a *Shiffra-Green* motion based on DAR's letter; and (2) that any failure to investigate claim is waived and lacks merit. Wis. Br. 22-24.[1] In both respects, Wisconsin is wrong.

1.    Ignoring that a sworn officer of the court represented that DAR was "in fact, diagnosed with schizophrenia," JA73, Wisconsin characterizes Rogers' state court filings as relying solely on DAR's letter to argue that counsel should have *filed*

---

[1] Wisconsin also argues that the "unreasonable application' standard is 'difficult to meet," Wis. Br. 20, and that an evidentiary hearing is necessary to resolve his claim. Wis. Br. 24. But Rogers has openly acknowledged § 2254(d)'s deferential standard, Rogers Br. 17-18, and simply asked for "further proceedings" to review "DAR's medical records to ascertain whether a new trial is warranted." Rogers Br. 38. As such, neither point is at odds with Rogers' arguments.

a *Shiffra-Green* motion. Wis. Br. 3-4. Wisconsin then argues that it was not an unreasonable application of federal law for the court to conclude that a *Shriffa-Green* motion based on that evidence would have been meritless. For two reasons, this argument lacks merit.

*First*, Wisconsin is wrong to characterize Rogers' state court filings so narrowly. Contrary to its suggestion that this case has only been about counsel's failure to request and obtain an in camera review of DAR's medical records, Rogers' Wisconsin Court of Appeals briefing expressly took issue with the fact that the Wisconsin trial court had reduced his petition to whether he made "the required showing for an in camera review of DAR's medical records." JA39 (arguing that the lower court's analysis "fails to address the main issue" because the "deficient performance" in his case "lies *not in the failure to obtain* an in camera review, *but the failure to try*." JA39-40 (emphasis added)). And while Rogers' state-court briefing certainly emphasized the letter DAR wrote that she was "hearing voices," JA35-36, it also discussed the motion in limine hearing where counsel represented that DAR was diagnosed with schizophrenia based on counsel's investigation, JA38, and argued that counsel's subsequent failure to lay a foundation for that claim "created the opportunity for the Court to find a lack of proper foundation." JA39.

On appeal, Wisconsin tries to equate Rogers's "failure to try" claim with a claim that counsel was deficient by merely "fail[ing] to file" a *Shiffra-Green* motion.

6

But filing a motion without developing its factual basis is not *trying*. And Rogers' petition therefore covered more than counsel's mere *failure to file* a *Shiffra-Green* motion. It also embraced the *failure to try* by, for example, having the counsel's investigator who determined that DAR was "in fact, diagnosed with schizophrenia," JA73, testify or sign an affidavit to establish the fact of DAR's mental illness, which would have served as a basis for a successful *Shiffra-Green* motion.

*Second*, this failure to try to develop a foundation for the schizophrenia diagnosis counsel alleged is plainly deficient performance under binding precedent. *See Jones v. Wallace*, 525 F.3d 500, 503 (7th Cir. 2008) (finding "failure to investigate impeaching evidence can constitute deficient performance"); *Barkell v. Crouse*, 468 F.3d 684, 698 (10th Cir. 2006) (explaining that when the prosecution relies on "victim's veracity", it is unreasonable "not to investigate whether [known] records and witnesses regarding [the victim's] counseling" could challenge victim's veracity); *Browning v. Workman*, No. 07-cv-16, 2011 WL 2604744, at * 9 (N.D. Okla. June 30, 2011) (granting habeas petition alleging a *Ritchie* violation because "[t]he evidence of severe mental illness affecting [the witness'] veracity and ability to recount events accurately surely may have created sufficient doubts as to [defendant's] involvement in the crimes in the minds of at least some of the jurors").

And even if this Court were to find that all Rogers presented was a failure to file claim, the Wisconsin Court of Appeals still would have unreasonably applied

federal law in finding that Rogers had "failed to set out *any facts* from which his trial counsel could have successfully made a *Shiffra/Green* motion." JA61 (emphasis added). For far from failing to "set out any facts," JA61, DAR admitted to "hearing voices" in a disturbing letter that is not reflective of someone in sound mind—a letter that (1) accuses her father of molestation alongside complaints about "trying to juggle . . . little people" and having too much responsibility while also (2) admitting that DAR was "thinking about . . . first-degree murder." JA200-01. And "trial counsel referred to a diagnosis of Schizophrenia in his comments at the pretrial conference," JA7, "a severe illness . . that dramatically impair[s]" the "ability to perceive and tell the truth." *United States v. Butt*, 955 F.2d 77, 82 (1st Cir. 1992).

Contrary to Wisconsin's claims, all of that evidence along with DAR's hospitalization at a psychiatric facility, JA80-81, is enough to make the mere "'*plausible showing'* that the records would be material and helpful to the defense" that is required by *Shiffra-Green* and *Ritchie* in he-said, she-said case. *Davis v. Litscher*, 290 F.3d 943, 948 (7th Cir. 2002) (emphasis added); *see also Browning*, 2011 WL 2604744 at * 9 (granting habeas petition and finding unreasonable application of federal law on similar facts). And the Wisconsin Court of Appeals' ruling that a *Shriffa-Green* motion would have been unsuccessful here based on the evidence in the record is as unreasonable as its failure to find deficient performance in counsel's failure to try and establish a foundation for a mental health disorder by

having his investigators verify that DAR "pretty much admitted that she was suffering from schizophrenia." JA73.

2.     In addition to wrongfully arguing that any *Shiffra-Green* claim fails on the merits, Wisconsin dismisses Rogers' claim that counsel failed to investigate and develop the basis for a *Shiffra-Green* motion as waived and lacking an in merit because an investigation occurred and what an investigation would have revealed is speculative. Wis. Br. 23-24. But because part of trying is investigating and laying a foundation, this failure to investigate claim was embraced in the arguments Rogers made in the proceedings below when he argued that the "deficient performance" in his case "lies" in "the failure to try," JA39-40, and criticized counsel's failure to lay a foundation for DAR's mental health issue. JA38-39. And Wisconsin is wrong to suggest that counsel satisfied its duty to investigate because "trial counsel's investigator actually interviewed both the victim and the mother." Wis. Br. 23.

Although that fact may show that counsel started an investigation, at sentencing, counsel admitted that he still had no idea what the records contained, and therefore cannot be said to have competed that investigation. JA367 (telling the court that he didn't "know" what DAR had because "we didn't get into psychological reports."). And this Court has recognized that the failure to complete an investigation constitutes deficient performance. *Brown v. Sternes*, 304 F.3d 677, 696 (7th Cir.

9

2002) (finding that counsel's inexplicable failure to "follow through on the [mental health] investigation that she initiated" was deficient performance).

Finally, Wisconsin is wrong to argue that Rogers' failure to investigate claim fails because it is grounded in speculation. While it is true that this Court has held "that in order to succeed on a failure to investigate claim, the petitioner must demonstrate what the attorney would have discovered had a proper investigation occurred," *Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir. 1997), *Wright* involved counsel's failure to call a third-party witness, and held that the petitioner must "submit an affidavit from the uncalled witness stating the testimony he or she would have given . . . at trial." *Id*. A *Ritchie*-based claim, however, is of an entirely different nature because it involves records that cannot be obtained by the defendant without judicial intervention. As a result, it is subject to a different standard as demonstrated by *Ritchie*, where the Supreme Court granted habeas relief despite recognizing that "it is impossible to say whether any information in the CYS records may be relevant to Ritchie's claim of innocence, because neither the prosecution nor defense counsel has seen the information." *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987).

As applied here, there is more than mere speculation regarding what basis counsel had to advance a successful *Ritchie* motion. In addition to a disturbed letter and a documented hospitalization at a psychiatric facility, there were statements from an officer of the court that DAR told his investigators "that she was suffering

10

from schizophrenia." JA73. And the prosecution effectively admitted to that evidentiary basis at the motion in liminie hearing, agreeing that a child victim's "confidential mental health history may be called into question by the defense" but that it was only objecting to attempts to discuss the victim's mental health "to prevent the defense from circumventing" the "*Shiffra-Green*" process. JA74-75.

Since counsel failed to do so, everyone must speculate what the records contain, but it is that very same speculation that mandates a remand under *Ritchie* because Rogers "is entitled to know whether the . . . file contains information that may have changed the outcome of his trial had it been disclosed." *Ritchie*, 480 U.S. at 61; *see also O'Neal v. McAninch,* 513 U.S. 432, 436 (1995) ("When a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict,' that error is not harmless. And, the petitioner must win."). As a result, Wisconsin is wrong Rogers' failure to investigate claim fails as speculative.

### B.    The Wisconsin Court of Appeals Unreasonably Applied and Acted Contrary to *Ritchie*.

In addition to arguing that the Wisconsin Court of Appeals reasonably applied *Strickland*, Wisconsin argues that the Wisconsin Court of Appeals did not act contrary to, or unreasonably apply *Ritchie* because *Ritchie* "has no application to

records not held by the government." Wis. Br. 25.[2] Like its *Strickland* argument,

however, Wisconsin's *Ritchie* argument is wrong for several reasons.

*First*, where the records were located did not matter in Wisconsin at the time

that his trial occurred and would not have been an obstacle to obtaining DAR's

records, rendering the failure to try and obtain them deficient performance under

*Strickland* even if the state did not have them. And with respect to Rogers' *Ritchie*

claim, neither the Wisconsin Court of Appeals nor the District Court made any

findings about who possessed DAR's records, let alone denied Rogers's petition

based on a distinction between privately held records and records in the state's

possession. Instead, both decisions were about his alleged failure "to set forth 'a

specific factual basis that the victim's mental health records will contain 'relevant

information necessary to a determination of guilt or innocence.'" JA60; *see also* JA8.

---

[2] In the course of making this argument, Wisconsin also challenges Rogers' argument that the Wisconsin Court of Appeals acted contrary to federal law by applying a stricter evidentiary showing than *Ritchie* in his particular case. Wis. Br. 31-32. It's argument, however, merely cites to *Moseley v. Kemper*, 860 F.3d 1020 (7th Cir. 2017) to claim that the standard enunciated in *Green* does not "diverge in any meaningful way" from the standard described in *Ritchie*. Wis. Br. 32. As set forth in Rogers opening brief, the fact that the *Shiffra-Green* standard is considered consistent with *Ritchie*, does not preclude this Court from finding that the Wisconsin Court of Appeals acted contrary *Ritchie* in this specific case where it went so far as to fault Rogers for "fail[ing] to point to anything in [DAR]'s medical records that would indicate a propensity to lie." JA60-61. Nor does Wisconsin respond to the fact that the Wisconsin Supreme Court recently overruled *Shiffra-Green* for not being strict enough and thus created a gap between Wisconsin law and the "plausible showing" standard of *Ritchie*. *See State v. Johnson*, 990 N.W.2d 174 (Wis. 2023).

Under the law, the role of "a federal habeas court" is to "simply review[] *the specific reasons* given by the state court and defer[] to those reasons if they are reasonable." *Wilson v. Seller*, 138 S. Ct. 1188, 1192 (2018) (emphasis added)). It is not to invent alternative reasoning that would have been sufficient to deny the petition. And as set forth in the opening brief and above, Wisconsin's actual ruling that Rogers' lacked evidence that the records would contain relevant information necessary to a determination of guilt or innocence is untrue where DAR admitted to "hearing voices," JA200-01, and Rogers' counsel represented to the court that DAR told his investigators "that she was suffering from schizophrenia." JA73.

This evidence in turn was more than enough to conclude that Rogers made the evidentiary showing required to obtain to an in camera review of DAR's medical records because DAR's testimony was the only link between Rogers and the crimes of which he was accused, leaving no dispute that evidence undermining DAR's credibility "would be material and helpful to the defense" as required by *Ritchie. Davis*, 290 F.3d at 948; *see also United States v. Payne*, 63 F.3d 1200, 1210 (2d Cir. 1995) ("[I]mpeachment evidence has been found to be material where the witness at issue 'supplied the only evidence linking the defendant(s) to the crime.'"); *Browning*, 2011 WL 2604744, at * 7 (finding "credibility" of the witness "of paramount concern" in a case whether the "guilty verdict . . . depended on [the victim's] testimony" (cleaned up)). As such, the Wisconsin Court of Appeals

unreasonably applied federal law in how it disposed of Rogers' petition irrespective of who possessed DAR's mental health records, and Wisconsin's new *Ritchie* argument cannot erase the existence of an unreasonable application of federal law.

*Second*, even if Wisconsin is right that *Ritchie* does not apply to records in the State's possession, it never raised this issue before and has therefore waived it. *Williams v. REP Corp.*, 302 F.3d 660, 666 (7th Cir. 2002) ("A party waives any argument that it does not raise before the district court" (cleaned up)). And Wisconsin is wrong to claim that DAR's medical records are not in the possession of a state agency and that Rogers admitted as such. Wis. Br. 30-31.

While it is true that defense counsel indicated that DAR was treated at "Rogers Memorial Hospital" before trial, JA80, there has been no fact finding on whether that is a private or public facility, or whether Rogers Memorial Hospital is the only psychiatric facility DAR was treated at. So no one can say where the records are and Wisconsin is in no position to represent that DAR's records are not in the possession of a state agency when it has (1) never raised the issue before, (2) admitted that it "ha[s]  no proof" regarding her treatment, JA 75, and (3) in fact invited the very *Shiffra-Green* motion that it now contends would have been frivolous based on facts that have not been established. JA74-75 (agreeing that a victim's "confidential mental health history may be called into question by the defense" but that it wanted "to prevent the defense from circumventing" the "*Shiffra-Green*" process).

14

As Wisconsin itself seems to acknowledge, this ambiguity in the record needs to be resolved before reaching the merits of this argument because it is not this Court's role to serve as a trier of a factual issue that has not been developed. Wis. Br. at 31 n.5 (admitting that *Dietrich v. Smith*, 701 F.3d 1192, 1195 (7th Cir. 2012) analyzed only the application of *Shiffra-Green* "where it was not established whether the records were in the government's possession"); *see also Santiago v. Streeval*, 36 F.4th 700, 711-12 (7th Cir. 2022) ("[W]e have instructed district courts to conduct an evidentiary hearing where a petitioner identifies ambiguities in the evidence that need to be resolved before reaching the merits."); *Mosley v. Atchison*, 689 F.3d 838, 854 (7th Cir. 2012) ("Reviewing new evidence and making findings of fact is properly the responsibility of the district court."); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 300-301 (3d Cir. 1991) ("Where the facts are in dispute in a habeas case, a federal court must hold an evidentiary hearing").

And although Wisconsin tries to blame Rogers for this ambiguity, claiming that he "has never alleged that any government agency had possession of them, and nothing in the record suggests that any government agency had possession of them," Wis. Br. 33, the failure to know where DAR's records are goes back to counsel's deficient performance as it is counsel's failure to investigate and file a *Shiffra-Green* motion that prevented the record from being developed on this issue. As that speculation, in turn, leaves this Court with "grave doubt about whether a trial error

of federal law had 'substantial and injurious effect or influence in determining the jury's verdict,'" there must be a remand to determine whether the records are subject to *Ritchie*, and if so what they contain as this Court is not the appropriate forum to make new findings of fact. *O'Neal,* 513 U.S. at 436 (cleaned up); *see also Ritchie,* 480 U.S. at 57 (ordering remand where it was "impossible" to say what records contained) ; *Walker v. Johnson*, 312 U.S. 275, 285 (1941) ("[I]f an issue of fact is presented, the practice appears to have been to issue the writ . . . and hold a hearing at which evidence is received.").

*Third*, Wisconsin is wrong that it matters who possesses DAR's records, and while this Court's decision in *Hach* holds otherwise, *Hach* does not fully address or control the circumstances presented here. Even if it does, *Hach* was wrongly decided and should be reexamined. As other courts have correctly held, "[a]lthough *Ritchie* involved the disclosure of records in the possession of the State, nothing in the *Ritchie* Court's holding or analysis limits its application to records held by the State." *Burns v. State*, 968 A.2d 1012, 1024 (Del. 2009); *see also State v. Cressey*, 628 A.2d 696, 703 (N.H. 1993) ("A record is no less privileged simply because it belongs to a state agency. Likewise, the defendant's rights are no less worthy of protection simply because he seeks information maintained by a non-public entity."); *State v. Kelly*, 545 A.2d 1048, 1056 (Ct. 1988) (applying *Ritchie* to "documents subpoenaed by the defendant" that "were not in possession of the state's attorney"); *Commonwealth v.*

16

*Barroso*, 122 S.W.3d 554, 561 (Ky. 2003) ("[W]e conclude that the Compulsory Process Clause affords a criminal defendant the right to obtain and present exculpatory evidence, including impeachment evidence, in the possession of a third party that would otherwise be subject to the psychotherapist-patient privilege.").

In addition, holding that a criminal defendant does not have a right to the victim's medical records, and then turning around and doing what the Wisconsin trial court did here by not allowing Rogers to ask questions about the victim's mental health due to a lack of foundation, deprives the defendant of (1) "his right to a fair trial at which the witnesses against him might be meaningfully cross-examined," *United States v. Wade*, 388 U.S. 218, 227 (1967), as well the defendant's (2) due process right to "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (cleaned up).

In *Ritchie*, the Supreme Court found a right to an in camera review under *Brady* and held that the ability "question adverse witnesses . . . does not include the power to require the *pretrial* disclosure of any and all information that might be useful in contradicting unfavorable testimony." *Ritchie*, 480 U.S. at 53 (emphasis added). But the rule it set out in rejecting a Confrontation Clause violation in *Ritchie* discussed cases where, unlike here, "the trial court did not limit the scope or nature of defense counsel's cross-examination in any way." *Id.* (cleaned up). And while it found a right to review medical records grounded under *Brady*, it did not preclude a

17

finding that there are other constitutional guarantees that would entitle a defendant to an in camera review of medical records at trial in another case.

Analyzing the issue solely under *Brady* and the Fourteenth Amendment, *Hach* does not control here because it did not analyze the Sixth Amendment implications of obtaining a victim's medical records at all or the non-*Brady* due process implications of doing what the Wisconsin courts did to Rogers by precluding him from cross-examining the witness's mental health despite evidence of a schizophrenia diagnosis, which is what will now happen in every case in which a victim was treated for a serious mental health illness in a private facility were this Court to accept Wisconsin's proposed rule. *United States v. Hach*, 162 F.3d 937, 947 (7th Cir. 1998). As such, Wisconsin is wrong to rely on *Hach* in this particular case as a basis to deny relief. And even if Wisconsin were right that *Hach* extends so broadly, that would merely prove that *Hach* was wrongly decided and should be reexamined. For both reasons, it would be misguided, unreasonable, and contrary to federal law to find that Rogers was not entitled to know whether DAR was diagnosed with schizophrenia. And it is premature to even know if *Hach* is implicated here.

## CONCLUSION

For the reasons set forth in Rogers's opening brief and above, the District Court's denial of Rogers's habeas petition should be reversed and remanded for further proceedings.

18

Respectfully Submitted,

*Stephen Raiola*

STEPHEN F. RAIOLA
  *Counsel of Record*
SANGYOON NATHAN PARK
KIBLER FOWLER & CAVE LLP
301 Grant Street, Suite 270
Pittsburgh, PA 15219
(917)-909-6313
sraiola@kfc.law

*Pro Bono Counsel for Petitioner-Appellant Tony P. Rogers*

October 4, 2023

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I hereby certify that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and 7th Cir. R. 32(c) because this brief contains 4,640 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). I also certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) and 7th Cir. R. 32(b) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Stephen F. Raiola*
Stephen F. Raiola
*Pro Bono Counsel for Petitioner*
*Tony Rogers*

October 4, 2023

## CERTIFICATE OF SERVICE

I hereby certify on October 4, 2023, I electronically filed copies of the foregoing Reply Brief of Appellant with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Stephen F. Raiola*
Stephen F. Raiola
*Pro Bono Counsel for Petitioner*
*Tony Rogers*

October 4, 2023